Citation Nr: 1518723 
Decision Date: 04/30/15 Archive Date: 05/05/15

DOCKET NO. 11-17 692 ) DATE
 )
 )

Received from the
Department of Veterans Affairs Regional Office in Lincoln, Nebraska


THE ISSUES

1. Entitlement to service connection for headaches.

2. Entitlement to service connection for a left ankle disability.

3. Entitlement to service connection for a left foot disability.

4. Entitlement to service connection for a right foot disability.


REPRESENTATION

Appellant represented by: National Association of County Veterans Service Officers


ATTORNEY FOR THE BOARD

L. Pelican, Associate Counsel
INTRODUCTION

The Appellant served on active duty for training (ACDUTRA) from August 1975 to December 1975. The Appellant had subsequent Nebraska National Guard service with periods of ACDUTRA and inactive duty training (INACDUTRA).

This case comes before the Board of Veterans' Appeals (the Board) on appeal from a December 2010 rating decision of the Department of Veterans' Affairs (VA) Regional Office (RO) in Lincoln, Nebraska.

The case was before the Board in May 2014 when it was remanded for additional development. With respect to the headaches claim, that development has been completed.

In a September 2014 rating decision, the RO granted the Appellant service connection for a right elbow disability. Accordingly, that matter is no longer before the Board.

This appeal was processed using the Virtual VA and Veterans Benefits Management System (VBMS) paperless claims processing systems. Accordingly, any future consideration of this case should take into consideration the existence of these electronic records.

The issues of entitlement to service connection for left ankle, left foot and right foot disabilities are addressed in the REMAND portion of the decision below and are REMANDED to the Agency of Original Jurisdiction (AOJ).


FINDING OF FACT

The evidence of record demonstrates that the Appellant's tension headaches were incurred during INACDUTRA service.


CONCLUSION OF LAW

Entitlement to service connection for headaches is precluded as a matter of law. 38 U.S.C.A. §§ 101, 106, 1131, 1154, 5107 (West 2014); 38 C.F.R. § 3.303 (2014).


REASONS AND BASES FOR FINDING AND CONCLUSION

Stegall Considerations

As noted above, the Board remanded this case in May 2014. The Board instructed the AOJ to obtain all outstanding VA medical records from March 2012 to present, and to schedule the Appellant for a VA examination to determine the nature and etiology of his claimed headache disability. Subsequently, the AOJ obtained the Appellant's outstanding VA medical records from March 2012 to May 2014, and provided the Appellant with VA examination for his headaches in June 2014. Thus, with respect to this claim there has been compliance with the Board's remand instructions. See Stegall v. West, 11 Vet. App. 268, 271 (1998) (noting that where the remand orders of the Board are not complied with, the Board errs as a matter of law when it fails to ensure compliance).

Duties to Notify and Assist

VA satisfied its duty to notify the Appellant pursuant to the Veterans Claims 
Assistance Act of 2000 (VCAA). 38 U.S.C.A. §§ 5100, 5102-5103A, 5106, 5107, 5126 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a), 4.2 (2014).

The VCAA requires VA to assist a claimant at the time he or she files a claim for benefits. As part of this assistance, VA is required to notify claimants of the evidence that is necessary, or would be of assistance, in substantiating their claim, and provide notice that a disability rating and an effective date for the award of benefits will be assigned if service connection is awarded. 38 U.S.C.A. § 5103(a) (West 2014); 38 C.F.R. § 3.159(b)(1) (2014); Quartuccio v. Principi, 16 Vet. App. 183, 187 (2002); Dingess v. Nicholson, 19 Vet. App. 473, 486 (2006).

All notice under the VCAA should generally be provided prior to an initial decision on a claim by the agency of original jurisdiction (AOJ). Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006); Pelegrini v. Principi, 18 Vet. App. 112 (2004). 

A letter from VA dated in November 2010 notified the Appellant of how to substantiate a service connection claim. The letter notified the Appellant of the allocation of responsibilities between himself and VA, and of how ratings and effective dates are assigned. The letter also provided general notice regarding the substantiation of a claim involving ACDUTRA or INACDUTRA service. Accordingly, the duty to notify has been met.

VA's duty to assist under the VCAA includes helping the claimant obtain service treatment records and other pertinent records, as well as performing an examination or obtaining a medical opinion when one is necessary to make a decision on the claim. See 38 U.S.C.A. § 5103A (West 2014); 38 C.F.R. § 3.159(c) (2014). Here, the Appellant's service treatment records, private treatment records, and VA medical records are in the claims file. Thus, the duty to obtain relevant records on the Appellant's behalf is satisfied. See 38 C.F.R. § 3.159(c) (2014).

The Appellant was also provided a VA examination in June 2014. As will be discussed in greater detail below, the examiner reviewed the Appellant's past medical history, considered his present complaints, examined the Appellant, and provided an opinion supported by a rationale such that the Board can render an informed determination. The Board, therefore, concludes that the examination report is adequate for the purposes of rendering a decision in the instant appeal. See 38 C.F.R. § 4.2 (2014); see also Barr, 21 Vet. App. at 312.

The Board additionally observes that all appropriate due process concerns have been satisfied. See 38 C.F.R. § 3.103 (2014). The Appellant declined the opportunity to present testimony before a Veterans' Law Judge. The Appellant has been accorded the opportunity to present evidence and argument in support of his claims. Thus, the Board finds that VA has satisfied its duties to inform and assist the Appellant at every stage of this case, and may proceed to the merits of the Appellant's claims.

Analysis

In general, service connection may be granted for a disability or injury incurred in or aggravated by active military service. 38 U.S.C.A. § 1131 (West 2014); 38 C.F.R. § 3.303 (2014).

In order to establish service connection for the claimed disorder, there must be (1) medical evidence of a current disability; (2) medical, or in certain circumstances, lay evidence of in-service incurrence or aggravation of a disease or injury; and (3) medical evidence of a nexus between the claimed in-service disease or injury and the current disability. See Hickson v. West, 12 Vet. App. 247, 253 (1999).

With specific regard to National Guard service, service connection may be granted for a disability resulting from disease or injury incurred in, or aggravated while performing, ACDUTRA. With respect to time periods of INACDUTRA, service connection may only be granted for injury so incurred or aggravated. 38 U.S.C.A. §§ 101(24), 106, 1110 (West 2014). To establish a claim based on aggravation during a period of ACDUTRA or INACDUTRA, there must be evidence of both a worsening of the disability during the period of service and that the worsening was caused by the period of service.

The Appellant contends that his headache disability is related to a period of ACDUTRA or INACDUTRA.

The Appellant has a current diagnosis of headaches. Accordingly, the first Hickson element is met.

Additionally, the Appellant's service treatment records show he was diagnosed with tension headaches in May 1983, during a period of INACDUTRA. The service records do not indicate there was a coincident injury that precipitated the diagnosis of tension headaches. Nevertheless, the second Hickson element is met.

As to evidence of a nexus between the current diagnosis and the Appellant's service, the record contains a positive nexus opinion. The examiner noted that the Appellant was treated for tension headaches in 1983, during "ADT" while he was stationed at Fort Carson, and that the Appellant gave a credible history of recurrent headaches of this nature since service. However, in email correspondence dated in July 2014, the examiner clarified that the reference to "ADT" was a typo, and that he intended to state "IDT" [INACDUTRA] in his opinion. 

The Appellant's personnel records show he earned 41 retirement points between June 15, 1982 and June 14, 1983. However, the records show that the Appellant's only period of ACDUTRA service in 1983 was from June 18 to July 3. Accordingly, it is reasonable to assume that his diagnosis of tension headaches occurred during a weekend drill, or INACDUTRA. As noted above, the law is dispositive on disabilities for which service connection may be granted based on INACDUTRA periods of service. 38 U.S.C.A. §§ 101(24), 106, 1110 (West 2014). As there was no line of duty injury coincident with the Appellant's diagnosis of tension headaches, service connection is precluded as a matter of law. Thus, the Board finds that the preponderance of the evidence is against the claim and therefore, the Appellant's claim is denied. 38 U.S.C.A. § 5107(b) (2014); Gilbert v. Derwinski, 1 Vet. App. 49 (1990); Sabonis v. Brown, 6 Vet. App. 426 (1994).


ORDER

Entitlement to service connection for tension headaches is denied.


REMAND

The development actions requested in the Board's May 2014 remand were not fully completed. A remand by the Board confers on a claimant, as a matter of law, the right to compliance with the remand orders. Stegall v. West, 11 Vet. App. 268, 271 (1998). It imposes upon VA a concomitant duty to ensure compliance with the terms of the remand. Accordingly, in the present case, the additional development specified in the Board's prior remand must be conducted prior to adjudication.

Specifically, the Appellant was provided a foot examination in June 2014. The examiner reported that the Appellant did not have a current diagnosis associated with a bilateral foot condition. See June 2014 VA examination report, pg. 13. Additionally, the examiner concluded that the Appellant's bilateral foot condition was less likely than not the result of ACDUTRA service. His rationale was that the conditions for which the Appellant received treatment during ACDUTRA periods (right foot blisters in 1981, tingling of the left foot in 1981, sore heels in 1984, and a sore left foot in-step in 1985) were all treated conservatively and resolved per the record. Id. at pg. 18. Moreover, the examiner noted that the Appellant denied chronic foot problems since discharge from service. The examiner also noted the Appellant's report of being fitted for shoe orthotics, but stated he could not find corroborating records within the electronic medical records.

However, the evidence of record shows the Appellant has a current diagnosis of plantar fasciitis, which the examiner did not address. See July 2013 Physical Therapy Note. Additionally, the records documenting the Appellant's custom orthotics are located on VBMS. See Medical Treatment Record - Government Facility, received May 16, 2014. Given these inconsistencies, the examination report is insufficient, and a new opinion must be obtained.

Lastly, during the Appellant's left ankle examination, he reported that he fractured his ankle in 1997 and filed a Workman's Compensation claim for the injury. Records pertaining to this injury and claim are not in the claims file. As these records are relevant to the claim, they should be obtained. If these records are obtained, a new opinion should be sought from the June 2014 VA examiner to account for the new evidence.





Accordingly, the case is REMANDED for the following actions:

1. Request that the Appellant provide or identify any pertinent records not already of record including those pertaining to a claim for Workman's Compensation. After obtaining any necessary contact information and authorization from the Appellant, obtain copies of any outstanding treatment records from any provider identified by the Appellant, as well as any Workman's Compensation records the Appellant identifies as relevant.

If, after making reasonable efforts to obtain records identified by the Appellant; and if the AOJ is unable to secure such records, the AOJ must notify the Appellant and (a) identify the specific records the AOJ is unable to obtain; (b) briefly explain the efforts that the AOJ made to obtain those records; (c) describe any further action to be taken by the AOJ with respect to the claim; and (d) inform the Appellant that he is ultimately responsible for providing the evidence. The Appellant must then be given an opportunity to respond. All records secured should be associated with the claims file.

2. Obtain any outstanding VA treatment and evaluation records relating to the Appellant's left ankle and bilateral feet disabilities. All records secured should be associated with the claims file.

3. Thereafter, obtain another medical opinion from the June 2014 examiner. If it is determined that another examination would be helpful, the Appellant should be scheduled for a new examination. Based on the review of the Appellant's claims file, the examiner is asked to provide an opinion on the following:

a) Whether it is at least as likely as not (50 percent or greater probability) that any currently diagnosed left ankle disability is related to a verified period of ACDUTRA.

b) Whether it is at least as likely as not (50 percent or greater probability) that any currently diagnosed left foot disability is related to a verified period of ACDUTRA.

c) Whether it is at least as likely as not (50 percent or greater probability) that any currently diagnosed right foot disability is related to a verified period of ACDUTRA.

The examiner should review the Appellant's claims file, to include a copy of this remand, in conjunction with the examination. Any indicated studies or diagnostic tests should be performed. Any opinions offered should be accompanied by supporting rationales.

In formulating the opinion, the term "at least as likely as not" does not mean "within the realm of possibility." Rather, it means that the weight of the medical evidence both for and against the claim is so evenly divided that it is as medically sound to find in favor of the claim as it is to find against.

The rationale for all opinions expressed must be provided. If the examiner is unable to offer any of the requested opinions, it is essential that the he or she offer a rationale for the conclusion that an opinion could not be provided without resort to speculation, together with a statement as to whether there is additional evidence that could enable an opinion to be provided, or whether the inability to provide the opinion is based on the limits of medical knowledge. See Jones v. Shinseki, 23 Vet. App. 382 (2011).
 
4. After ensuring that the requested actions are completed, the AOJ should take any other development actions deemed warranted and readjudicate the claim on appeal. If any benefit sought is not fully granted, the AOJ must provide the Appellant and his representative a Supplemental Statement of the Case (SSOC) before the claims file is returned to the Board, if otherwise in order.

The Appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



______________________________________________
MICHAEL A. PAPPAS
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs